## 9834

### STATE *EX REL.* PEARMAN v. KING *ET AL.*

#### (94 S. E. 866.)

STATUTES—LOCAL AND SPECIAL LAWS—COMPENSATION OF COUNTY OFFI-CERS.—Act March 25, 1916 (29 St. at Large, p. 795), fixing the salary of the clerk of Court of A. county on a different basis from what salaries of such clerks are fixed by general law, contravenes Const., art. III, sec. 34, subd. 10, inhibiting a local or special law to fix the amount or manner of compensation to be paid to any county officer.

Before PRINCE, J., Anderson, at chambers, May 25, 1917. Affirmed.

Mandamus by the State, on the relation of James N. Pearman, against J. Mack King and others. From judgment for petitioner, respondents appeal.

The judgment of the Circuit Court is as follows:

This is a proceeding in mandamus, begun by James N. Pearman, clerk of the Court of Anderson county, to require the board of county commissioners of said county to approve his claim for salary for the first quarter of the year 1917, as provided by sections 1481, 1484 and 1528 of the Code of Laws of South Carolina of 1912, and to require the supervisor and clerk to issue a warrant therefor. An order was granted requiring the respondents to show cause why mandamus should not issue requiring the action at their hands demanded in the petition. The respondents, the board of county commissioners and the clerk thereof, by their return to the rule to show cause and by way of answer to the allegations of petition show that the legislature in 1916 passed an act (29 Stat. 795) fixing a salary for the clerk of Court of Anderson county of $3,500, to include the salary of the

deputy clerk and all clerk hire, in lieu and stead of all fees and costs against whomsoever chargeable, and requiring the clerk to keep a record of all costs and fees collected, to turn over the same to the treasurer of Anderson county, with a statement of the fees so collected, and the treasurer to thereupon pay the monthly salary provided. Petitioner demurs to this return, on the ground that it is insufficient, for the reason that the act above referred to is unconstitutional and void, in that it violates subdivisions 8 and 10 of section 34, article III of the Constitution of South Carolina of 1895.

The material facts are all admitted by the pleadings, to wit: That petitioner is the clerk of Court of Anderson county; that respondents are the board of county commissioners and the clerk of said board for said county; that petitioner has filed with the said board for approval his claim for the first quarter's salary for the year 1917 in the sum of $125, and that the same has not been paid; that the reason for its nonpayment by the said board is the claim that the law providing for such quarterly payment of salary has been repealed so far as Anderson county is concerned by the act of 1916; and that petitioner has not filed with the county treasurer the record of the receipts of his office provided for by the act of 1916, and has not turned over to said officer the fees collected by him. The only issue in the case, therefore, is an issue of law, to wit: Is the act of 1916 (29 Stat. 795) unconstitutional? If this act is unconstitutional, then the provisions of chapter 20, article X of the Code of 1912 are of force and petitioner is entitled to the payment of the quarter's salary claimed by him; but, if the act of 1916 is constitutional, he is not entitled to the payment of that salary, or the payment of any other salary at the hands of the board of county commissioners until he has complied with said act. In the event that the act is constitutional, he would be paid his salary by the county treasurer, and then only upon his filing with the county treasurer the statement

·of fees collected by him and turning over the fees so collected to said officer for the common funds of the county.

It is contended by the petitioner that the act of 1916 is unconstitutional, because in violation of section 34 of article III of the Constitution.   This declares: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes, to wit: * * * X. To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required.   XI. In all other cases, where a general law can be made applicable, no special law shall be enacted. . XII. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes which shall. be uniform in their operations: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws."   It is contended that the act in question (1916) is a local and special law affecting both the amount and the manner of compensation to be paid to a county officer, that it is not so made as to grade the compensation in proportion to the population and necessary services required, that it is in no sense, in which the term is used in the Constitution uniform, and that it cannot be upheld as a special provision in a general law on the question.

After careful consideration of the authorities cited and the argument of counsel, I am forced to conclude that the act of 1916 (29 Stat. 795) is unconstitutional, because in violation of this section of the Constitution.   The general scheme for the compensation of clerks of Court in this State is contained in sections 1481 to 1528, inclusive, and in chapter 102 of volume I of the Code of 1912.   This general scheme provides that the clerk shall receive from the county an annual salary in payment for the services rendered to the county and in lieu of the costs and fees theretofore charge-

able to the county and in addition thereto shall receive certain fes and costs therein specified as compensation for the other services rendered as clerk, such fees and costs being chargeable against and collectible from the various parties in interest and not against the county.    This is a general and uniform law, applicable throughout all the counties of the State, and while it provides for different salaries in the different counties, it expressly states that such differences are due to the differences in population and the amount of services required in the several counties.    This law complies with the requirements of the Constitution, and was evidently enacted in obedience to the injunction therein laid upon the General Assembly to enact a general law upon the subject to which it pertains.    The legislature by the act of 1916 (29 Stat. 795) attempted to provide an entirely different scheme of compensation for the clerk of Court of Anderson county.    It applies to this office and to this county alone. It fixes a salary which is to be paid to the clerk in lieu of all costs and fees chargeable by him to the county and in lieu of all costs and fees chargeable to parties litigant, for recording, etc.

This Court is very reluctant to declare an act of the legislature unconstitutional, but there are at least two decisions in this State on acts similar to that under consideration in this case, which decisions are controlling on the question here presented and under which I must declare the act of 1916 (29 Stat. 795) unconstitutional.    In *Nance v. Anderson County,* 60 . S. C. 501, 39 S. E. 5, the Supreme Court had under consideration an act of the legislature which purported to fix the compensation of the officers in various counties of the State.    This act provided that the county officers of Anderson county should receive certain fixed salaries therein specified, including a salary of $1,200 for the probate Judge.    One section of the act provided that it should not apply to some 15 counties therein named.    The Supreme Court stated that in some of the counties mentioned in the

act the officers are to receive fees as compensation, while in others they are to be paid salaries. The Court, after holding that the law in question was not a general law, said: "An act fixing the amount or manner of compensation to be paid to county officers must either be general in its provisions throughout the State, or, if it is intended to exempt certain counties from its operation, it must appear upon the face thereof that the compensation in those counties so exempt is graded in proportion to population and the necessary service required, so that its provisions may be applicable to all counties in which like conditions exist. The act under consideration failed to comply with these requirements, and is, therefore, unconstitutional.

In *State ex rel. Schroder v. Burns,* 73 S. C. 194, 52 S. E. 960, the Court had under consideration an act of the legislature, fixing the amount of compensation to be paid to the county officers of the various counties of the State. Act February 22, 1905 (24 St. at Large, p. 918). This act by its various sections fixed the salaries chargeable to the counties for the work rendered to the counties, and by section 33, relating to Oconee county, contained this provision with reference to the compensation of the clerk of Court: "Clerk of the Court, thirteen hundred and fifty dollars, payable monthly: *Provided,* That he shall collect all fees, costs and commissions due to him by virtue of his office and pay same over to the county treasurer on monthly statements," etc. It was contended that this section was unconstitutional, because in violation of section 34 of article III above quoted. The Supreme Court said: "The manifest purpose of this provision of the Constitution is to uproot the great evil of local and special legislation. Ten subjects are therein enumerated (which includes the matter of compensation to be paid the county officers, involved in this case), as to which there is express inhibition of local or special legislation, and in order to further extend the inhibition, it is declared that there shall be no special law on any other subjects where a

general law can be made applicable.    As to the ten expressly
inhibited subjects of local or special legislation, the General
Assembly is directed to enact general laws, subject, however,
to the provision that such general laws shall be uniform.
We understand that such uniformity must exist throughout
the State as distinguished from a uniformity of operation
within a county or other subdivision of the State, since the
whole scheme of this article of the Constitution is to bring
about as far as possible general laws operating with sub-
stantial uniformity throughout the State."    In answer to
the contention that the section under construction could be
upheld as a special provision in a general law, the Court
says: "We understand the language, 'special provisions in
general laws,' to mean provisions in general laws, which,
while having a limited application, must not be so inconsist-
ent with the general scheme or purpose of the statute as to
prevent substantial uniformity of operation throughout the
State."    The Court proceeds, quoting from the case of *Gro-
cery Co. v. Burnet,* 61 S. C. 205, 39 S. E. 381, 58 L. R. A.
687: "It may be regarded as settled that local or special
statute upon any of the ten enumerated subjects above will
be declared void, and that the expressed prohibition of spe-
cial legislation on said subjects shall not be practically
annulled or evaded under any form or guise of legislation."
The Court proceeds to show that the act there under con-
sideration should be regarded as a general statute as it
operates throughout the State in providing compensation
for the various county officers, and that in all of the other
counties except Oconee county salaries were provided, pay-
able by the counties, in lieu of fees, etc., chargeable against
the respective counties, as distinguished from fees, etc.,
which are payable by parties in civil cases, for recording,
etc.    This was the provision for other counties, but the
Court continued, "but in Oconee county the salary is thirteen
hundred and twenty dollars in lieu of all fees, costs and com-
missions due him by virtue of his office, which he is required

to collect and pay over to the county treasurer as ordinary county funds. No other clerk of Court is required to pay over to the county treasurer all his fees, etc., from whatever source derived. This provision as to Oconee county is wholly different from the general plan and purpose of the act, and violates the requirements as to uniformity. We, therefore, agree with the Circuit Court that so much of section 33 of said act as is herein referred to is unconstitutional."

The act of the legislature under consideration in this proceeding (29 Stat. 795) is exactly similar to section 33 of the act declared unconstitutional in the Burns case. It, therefore, follows that this act cannot be upheld as a special provision in a general law, because it is inconsistent with the general scheme of compensation for clerks of Court as provided by the general law of this State.

The demurrer interposed by petitioner is, therefore, sustained, and the return of respondents is adjudged insufficient. The respondents not desiring to make further return, it is ordered, adjudged, and decreed that the respondents, J. Mack King, W. A. Spearman and J. M. Craft, the board of county commissioners for Anderson county, do on or by June 5, 1917, approve and allow petitioner's claim for $125, being his salary for the first quarter of the year 1917, as provided by sections 1481, 1484 and 1528 of the Civil Code of this State, 1912, and that, immediately upon the approval and allowance of said claim, the said J. Mack King, as county supervisor of said county, and J. S. Acker, clerk of the said board, issue their warrant on the treasurer of Anderson county in favor of petitioner for the said sum of $125. It is further ordered that this order and decree be forthwith served personally upon the respondents above named by exhibiting to each the original thereof and leaving with each a copy of the same, certified to by the deputy clerk of Court of Common Pleas for Anderson county.

*Messrs. Kurtz P. Smith* and *J. S. Ackers,* for appellants, cite: Const. 1895, art. III, section 34; 73 S. C. 194.

*Messrs. Watkins & Prince,* for petitioner-respondent, cite: Vol. II, Code of Laws, art. X of chap. 20, sections 1481, 1484 and 1528; chap. 102; Act of 25th March, 1916 (fixing salary of clerk of Court); art. III, sec. 34, Const. 1895; 66 S. C. 219; 61 S. C. 205; 99 S. C. 377; 73 S. C. 194.

December 17, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein assigned, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.
MR. JUSTICE HYDRICK did not sit in this case.